Henderson, Judge,
dissentiente...Mrs. Fancy continued to occupy the house and lot on which her husband lived at the time of his death,'which happened in January,together with her children, the heirs at law of her husband, some of whom were of full age, and some were infants. Her dow'er in one-third of the lot, was, on her petition to Wake' County Court, assigned to her betwen the Courts in August and November. The city laws attached on the property (or occupiers) on the first day of April, and the tax became payable some time in the summer. The whole lot was sold in November for the taxes of that year, which w'erc then unpaid, without her privity, or knowledge or contrivance, and Cooke became the purchaser for the amount of them,and communicated to Mrs. Fancy the benefit of his purchase, directing the City Commissioners to convey to her, which has been done. There 1ms been no fraud, (as far as it appears) in anyone. *84 No communication took place between Cooke and Mrs. Fancy, either directly or indirectly. The purchase was made by him to save the property, and from,motives of kindness to Mrs. Fancy. The only fault was in the omission to pay the taxes. Branson, who claims to be a purchaser at an execution sale against the heirs of Fancy, prays that this title thus derived from the sale for taxes, may not be set up against him. There is an objection to the validity of his purchase, the judgment against the heirs being taken at the first term, by default, some of them being infants.
I am inclined to believe that the prayer of the Plaintiff is reasonable. It was the duty of the occupant to keep down the incumbrance and any acquisition of title, made by her, growing out of her omission, is for the benefit of all concerned. In the adjustment of accounts, for instance, in this case, between Mrs. Fancy and the heirs, as to the rents and profits, from her husband’s death to the assignment of dower, she could not set up any claim against them for more than two-thirds of the taxes paid by her, leaving one-third to fall on her dower right. If she has no such claim against the heirs, she has none against Branson, if he is substituted to them ; which depends on the validity of his purchase. I think Mrs. Fancy continued the occupation until the assignment of dower, in consequence of her dower right. Had she occupied the lot through the mere curtesy of the heirs, together with them, or was she only exercising her quarantine right as a curtesy and a bounty of the law, the heirs could not have imposed the payment of the taxes on her as a duty ; the gratuity must be made complete. The quarantine is, allowed for a short time (forty days in England) that site may not be destitute of a home, before dower is assigned. I do not think that Mrs. Fancy’s occupation on the first of April, was of that character — it was in consequence of her right to dower. *85 Nor do I believe that it is competent for her to object to the supposed defect in Branson’s title. She purchased for the benefit of all concerned — thereby professing that her omission, however innocent, should injure no one. Branson is not a mere officious intermedien ; he has at least an apparent title, and asks only a fair opportunity of asserting it in a Court of Law. As to two-thirds of the lots, that is, that part which was not, and could not be assigned as dower, I think that neither Branson, nor the heirs, have any cause of complaint; for as to that, she did not, and could not occupy it in consequence of her right of dower, or expectation of its assignment to her. I for a moment thought that the heirs should have been made parties — but no decree is prayed against them nor can 1 see how their rights are affected. It is with much deference to my brothers, that I express this opinion ; but entertaining it, it is my duty to avow it.
Per Curiam.
— Let the bill be dismissed without costa.